UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH M. COOK, | No. 2:18-cv-01182-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| UPS CARTAGE SERVICES, INC., et al., | |
| Defendants. | |

By way of the present action, Plaintiff Deborah M. Cook ("Plaintiff") pursues state law claims for, among other things, wrongful termination, failure to prevent discrimination, defamation, and intentional infliction of emotional distress. Plaintiff initially filed this action in state court against Defendant UPS Cartage Services, Inc., ("UPS"), after which UPS removed the action to this Court pursuant to its diversity jurisdiction. Plaintiff then filed a First Amended Complaint ("FAC") as a matter of right, adding claims against new Defendants, individuals James Alder and Wayne Lashley, who were purportedly Plaintiff's managers and/or supervisors and are agents, directors or high-level decision makers for UPS. Presently before the Court are Plaintiff's Motion to Remand (ECF No. 11) and Defendants' Motion to Dismiss (ECF No. 6). For the
///

following reasons, Defendants' Motion is GRANTED with leave to amend, and Plaintiff's Motion to Remand is DENIED without prejudice.[1]

### A. Motion to Dismiss

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &

---

[1] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

1  Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to

2  relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their

3  claims across the line from conceivable to plausible, their complaint must be dismissed."

4  Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

5  that actual proof of those facts is improbable, and 'that a recovery is very remote and

6  unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

Plaintiff's first and second cause of action for wrongful termination and failure to prevent discrimination on the basis of age and sex both fail to the extent they are based on gender because the FAC contains no facts indicating that any of UPS's challenged actions were at all connected to her gender. Defendants' Motion to Dismiss Plaintiff's defamation cause of action is likewise well taken because Plaintiff has failed to "reference 'the speakers of the defamatory communications, the recipients, the timing, or the context in which they were made, sufficient to provide [the defendant] notice of the

issues' to prepare a defense." Pruitt v. Genetech, Inc., 2017 WL 3641783, *4 (E.D. Cal.) (quoting Jones v. Thyssenkrupp Elevator Corp., 2006 WL 680553, *6 (N.D. Cal.)). Instead, she has alleged only generally that she was advised by someone at some point that she was being terminated for cause (i.e., fraud), which is insufficient to state a claim. Finally, Plaintiff fails to oppose Defendants' arguments, which are again persuasive, that she has failed to allege (1) conduct that is sufficiently outrageous, (2) the requisite intent or reckless disregard on Defendants' part, (3) that Plaintiff suffered severe emotional distress, and (4) causation. See Yau v. Allen, 229 Cal. App. 4th 144, 160 (2014). Defendants' Motion to Dismiss is thus GRANTED with leave to amend.

### B. Motion to Remand

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

Because the individual defendants have been dismissed from this action, complete diversity exists between the remaining parties and Plaintiff lacks grounds to remand the action to state court. If Plaintiff is able to successfully amend her claims, the Court will entertain a subsequent Motion to Remand. Plaintiff's Motion to Remand is therefore DENIED without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 6, is GRANTED with leave to amend. Plaintiff's Motion to Remand, ECF No. 11, is DENIED without prejudice to refiling should Plaintiff amend her complaint. Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If Plaintiff fails to timely file an amended pleading, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: July 30, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE