UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEBORAH M. COOK,

    Plaintiff,

    v.

UPS CARTAGE SERVICES, INC.,
et al.,

    Defendants.

No. 2:18-cv-01182-MCE-KJN

**ORDER**

By way of the present action, Plaintiff Deborah M. Cook ("Plaintiff") pursues state law claims for, among other things, wrongful termination, failure to prevent discrimination, defamation, and intentional infliction of emotional distress. Plaintiff initially filed this action in state court against Defendant UPS Cartage Services, Inc., ("UPS"), after which UPS removed the action to this Court pursuant to its diversity jurisdiction. Plaintiff then filed a First Amended Complaint ("FAC") as a matter of right, adding claims against new Defendants, individuals James Alder and Wayne Lashley, who were purportedly Plaintiff's managers and/or supervisors and are agents, directors or high-level decision makers for UPS. Defendants thereafter moved to dismiss the FAC, and Plaintiff moved to remand.[1] This Court granted Defendants' motion with leave

_____

[1] In the meantime, Plaintiff filed a Second Amended Complaint, ECF No. 9, which she subsequently withdrew, ECF No. 10.

to amend and denied Plaintiff's motion without prejudice. ECF No. 20. Plaintiff then filed a Third Amended Complaint ("TAC"). ECF No. 21. Presently before the Court is Defendants' Motion to Dismiss (ECF No. 22) Plaintiff's defamation and intentional infliction of emotional distress claims. For the following reasons, Defendants' Motion is GRANTED with final leave to amend.[2]

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard

[2] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs pursuant to E.D. Cal. Local Rule 230(g).

to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

Defendants' Motion to Dismiss Plaintiff's defamation cause of action is well taken because Plaintiff's allegations regarding falsity are entirely conclusory. Although Plaintiff contends she was terminated for "cause" and for "fraud," she includes no facts that support her conclusory allegations that those statements are false. Nor has Plaintiff adequately alleged an intentional infliction of emotional distress claim because, at the

3

very least, she has not set forth sufficient facts to indicate she suffered severe emotional distress. See Yau v. Allen, 229 Cal. App. 4th 144, 160 (2014) (setting forth elements of an IIED cause of action). Defendants' Motion to Dismiss is thus GRANTED with leave to amend.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 22, is GRANTED with final leave to amend. Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: October 15, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE